UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLA I. SHUPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 10-205-P-S |
| | ) |
| FEDERAL MANAGEMENT COMPANY INC., et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTIONS TO AMEND**

Alla I. Shuper is suing property management companies and their employees alleging discrimination in connection with the rental of apartments in a housing complex. The matter was filed in state court and removed to this court. When the matter was removed from state court Shuper had pending three separate motions to amend. (See State Court Docket, Doc. No. 11.) Those motions to amend were filed April 29, 2010, May 7, 2010, and May 21, 2010. (See Doc. Nos. 11-19, 11-21 – 11-25 (a five part motion to amend), and 11-29-32 (a four part motion to amend).) Parts of these motions to amend were placed on this court's docket at Doc. No. 6, but not all of the pending state court motions to amend are listed there. Additionally the plaintiff filed another motion to amend in this court yesterday. (See Doc. No. 15.)

None of these motions to amend complies with District of Maine Local Rule 7 nor does Shuper's pleading style comport with Federal Rules of Civil Procedure 8 or 15. A claim for relief in this court must comply with Rule 8 which requires "a short and plain statement of the claim." Furthermore Rule 15 limits the number of times a plaintiff may amend a compliant as a matter of course to once. Shuper apparently is operating under the mistaken notion that every time a new thought occurs, a plaintiff has a right to file another amended complaint. This

approach to litigation will cease now that the matter has been removed to this court.  All of the pending motions to amend filed in state court and the one filed yesterday in this court are denied without prejudice to plaintiff's right to file a motion to amend, accompanied by a legal memorandum explaining in plain English why she wants to amend her complaint.  Shuper is to cease filing copies of e-mails, copies of correspondence, documents, and other exhibits without explanation.  They are not properly considered as motions to amend.  Shuper may file a motion to amend and accompanying that motion should be one document, the proposed amended complaint, which would look something like the original complaint first filed in state court.  Defendants will have an opportunity to respond to that motion and then the new complaint will either be allowed or disallowed.  If it is allowed it becomes the new operative pleading and replaces the original complaint.

Additionally Shuper is also hereby placed on notice that pursuant to District of Maine Local Rule 7(b) timely objections must be filed to motions to dismiss filed by defendants or objection will be deemed to have been waived.  Because Shuper is a pro se litigant, the complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this does not make Shuper's claims against the named defendants a moving target; the four corners of the complaint still dictate the cause of actions and the identification of the defendants.

As a result of this order, all pending motions to amend, whether filed in state court or this court, are denied without prejudice to Shuper's right to file a new motion to amend that complies with this order and which is NOT accompanied by unexplained e-mails, correspondence and other exhibits.  Such extraneous filings are barred.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

June 11, 2010                     /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge