UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLA I. SHUPER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2:10-cv-205-GZS |
| | ) |
| FEDERAL MANAGEMENT COMPANY | ) |
| INC., et al., | ) |
| | ) |
|     Defendants | ) |

# AMENDED[1] RECOMMENDED DECISION ON MOTIONS TO DISMISS
## and
# ORDER ON MOTION TO AMEND

Alla I. Shuper has sued property management companies and their employees alleging discrimination in connection with the rental of apartments in a housing complex. Defendants Federal Management Company, Inc. and Codman-Portland Associates[2] seek dismissal with prejudice of certain counts of the complaint because they fail to state a claim upon which relief can be granted. Specifically, they claim the Americans with Disabilities Act ("ADA"), Fair Housing Act ("FHA"), and Maine Human Rights Act ("MHRA") claims stemming from incidents in 2007 (Count I) are time barred because Plaintiff failed to file her claims within the limitation period. Second, they argue that claims asserted under the ADA (found throughout the complaint and contained partially in Count IV) are barred because the ADA does not apply to entities covered by the FHA. Finally, they contend that Plaintiff cannot assert her claim in Count

---

[1] In my original recommended decision on the motions to dismiss I erroneously indicated that Shuper did not file a responsive memorandum. In fact, she has, as indicated in the body of this amended recommended decision. I have reviewed her response.

[2] Shuper has also named Danforth Heights as a defendant. According to the corporate defendants, Danforth Heights is not a legal entity, it is the name of the apartment building in which Plaintiff resides. As such, it is not a proper party to this suit. (Motion to Dismiss n. 1, Doc. No. 10.) Shuper responds to this assertion by noting that she has obtained the name of an authorized agent for service on behalf of Danforth Heights. (Doc. No. 20, ¶ 4. p. 4.) That gentleman has been served and is named as a party who has responded to her motions. It appears that the proper party corporate defendants are before the court. I direct the clerk to terminate Danforth Heights as an individually named party.

"4.5" under the Health Insurance Portability and Accountability Act ("HIPAA") because HIPAA does not create a private right of action. (Mot. to Dismiss by Defs. Codman-Portland and Federal Mgmt. Co., Doc. No. 10). Defendants Lewis, Desjardins, and Chandler have likewise moved for partial dismissal and have adopted the arguments made by Defendants Federal Management and Codman-Portland. (Doc. No. 14.) Shuper has responded to the motions to dismiss (Doc. No. 20) and she has filed a separate motion to amend/for reconsideration (Doc. No. 19). I now deny the motion to amend and recommend the court grant the motions to dismiss the claims at issue.

*The Motion to Amend*

After a motion to dismiss has been served (as is the case in this matter), a party may amend her complaint once as a matter of course within 21 days after service of the motion. Fed. R. Civ. P. 15(a)(1)(B). Thus, Shuper could have filed an amended complaint as a matter of right. However, she has styled her complaint as a Motion for Reconsideration to Amend Complaint, which I interpret as directed at my earlier order denying her then pending motions to amend which had accumulated in state court and this court during the time period between filing the initial complaint and the defendants filing a responsive pleading. To the extent Shuper is asking me to reconsider what I previously ordered when I denied her motions to amend, I now deny this motion for the reasons previously stated. (See Doc. No. 16.)

Leave to amend "shall be freely given when justice so requires." Id. In Foman v. Davis, the Supreme Court instructed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

> party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962). Since Shuper is entitled as a matter of course to amend her complaint once and since my prior order denying her requests to amend removed any impediment from Shuper availing herself of this opportunity under the Federal rules because her original complaint has never been amended, in most situations the motion to amend would be allowed. Nevertheless, in this case, after reviewing the proposed amendment I see nothing that would be helpful in terms of the issues pending in the motions to dismiss. Because I see the potential for greater confusion by adopting this new numbering system, I will deny Plaintiff's motion in the absence of any cogent explanation from her as to what the proposed amended complaint adds to the case. As a *pro se* litigant, Shuper is entitled to a measure of leniency when it comes to interpreting her complaint. Haines v. Kerner, 404 U.S. 519 (1972). I do not deny her motion to amend intending to make her pleading either more or less vulnerable to dismissal for failure to state a claim. It is simply that I cannot see what is accomplished by the amended complaint. In fact, if she had pointed to anything in the proposed amended complaint that would save the three claims addressed in the motion to dismiss, I would freely grant this motion to amend.

It appears the proposed amended complaint consists of a renumbering and reordering of the various facts set forth in the original complaint. (Compare Doc. 2-1 with Doc. 19 at 3-20). The proposed amended complaint is somewhat shorter than the original complaint and requests $20,000 as opposed to $30,000 in emotional distress damages, but most of the changes in wording and numbering are superficial and do not in any way change the tenor of the complaint or the legal basis of the claims brought under the Fair Housing Act, the Americans with Disabilities Act, the Maine Human Rights Act, and the Health Insurance Portability and Accountability Act. Plaintiff's amended complaint appears to delete the claim that was

originally denominated as Claim I that pertains to conduct in 2006 and 2007 which the defendants have alleged is time barred. However, Shuper's opposition to the motion to dismiss (Doc. No. 20, ¶ 1, p.3) makes it clear that she does not concede the 2006-2007 claim is time barred.

If I grant this motion to amend, defendants will be prejudiced because they have already spent time and money to frame an answer to the original complaint. To require them to repeat that exercise involving essentially the same allegations but with a different numbering system is a waste of their time. To the extent Plaintiff is asking leave to amend her original complaint by substituting the renumbered and reorganized amended complaint contained within her motion, the motion to amend is denied, as is her request to reconsider my prior order denying her earlier motions to amend, which consisted of the seriatim submission of over one hundred exhibits in support of the original complaint. Those exhibits are on the docket now and to the extent Plaintiff specifically calls any exhibit to the court's attention in support of any argument she puts forth, the court can then determine the relevance of that particular exhibit.

*The Motions to Dismiss*

Collectively the defendants argue that they are entitled to dismissal of a portion of the claims against them because Alla I. Shuper has failed to state viable legal claims under the relevant statutory provisions. Rule 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." To decide a motion brought on this basis, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008). Because Alla I. Shuper is a *pro se* litigant, her pleadings are to be liberally construed and may be interpreted in light of supplemental submissions, such as any response filed in

4

opposition to the motion to dismiss.  Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003); Burns v. Town of Lamoine, 43 F. Supp. 2d 63, 68 (D. Me. 1999); Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).  To properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which a defendant subjected the plaintiff to a harm for which the law affords a remedy.  Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1949 (2009).

The salient allegations of Shuper's complaint appear to be as follows.  Plaintiff has been a tenant in the Danforth Heights apartments since October 2006 and she receives a federal housing subsidy in accordance with HUD regulations.  In fall of 2007, Shuper requested a reasonable accommodation based upon her disabilities asking Defendants to cease in-person communications with her, and that all communications be made in writing.  On April 13, 2009, Plaintiff again made the same request for reasonable accommodation.  With this latest request, Plaintiff again stated her desire that all of her communication with the management of Danforth Heights be in writing and, only if necessary, by telephone.  Peter Lewis, Vice President of Property Management for Federal Management, informed Plaintiff that her reasonable accommodation was granted but that there are times when in-person communication is absolutely necessary.  As an example, he sighted her annual inspections as a time when in-person communication would likely be necessary.

Plaintiff reported a decrease in her income to Federal Management in January 2009.  The changes to Shuper's income entitled her to an interim recertification of her rental subsidies under the HUD regulations.  Federal Management conducted an interim recertification beginning in January 2009, which it concluded in March 2009.  As a result of this interim recertification, Plaintiff was not entitled to a decrease in her rent.   As part of the interim recertification process, Federal Management must verify the changes in income and expenses.  Rebecca Chandler of

5

Federal Management contacted Plaintiff's pharmacy to verify prescription expenses Plaintiff reported. In March 2009, Defendants conducted Plaintiff's annual recertification per HUD regulations. Due to additional changes in Plaintiff's income, her rental contribution was reduced to $84 per month effective May 2009. All of Shuper's allegations pertain to the defendant's acts or omissions in connection with her alleged rights in relation to subsidized housing.

Following the recertification process and the audit conducted by the Maine Housing Division, Shuper filed a charge of discrimination with the Maine Human Rights Commission and with HUD on November 30, 2009, alleging that Federal Management failed to conduct an interim recertification in January 2009 and to accommodate her April 2009 request. The Maine Human Rights Commission issued a lack of probable cause determination on February 26, 2010. Shuper makes other allegations in the complaint as well, but the thrust of her claim seems to settle around the request for reasonable accommodation and the recertification process connected with her housing subsidy.

*ADA claims*

The Americans with Disabilities Act, among other prohibitions, bars discrimination against the disabled by private entities operating places of public accommodation. Under Title III of the statute, "private entities are considered public accommodations for purposes of this subchapter if the operations of such entities affect commerce." 42 U.S.C. § 12181(7). However, the statutory definition of commercial facilities is limited to facilities that are intended for nonresidential use. Id. § 12181(2). This is the basis for the defendants' assertion that Title III of the ADA does not apply to them in relation to Shuper's claims because it excludes facilities regulated by the Fair Housing Act of 1968 from its definition of commercial facilities. The defendants have not targeted any claims asserted under the Rehabilitation Act, but neither the

complaint or the proposed amended complaint makes mention of such claims. Shuper does mention the Rehabilitation Act in her opposition to the motion to dismiss, (Doc. No. 20, ¶ 2. p.3), but does not refute the arguments related to Title III of the ADA raised by the defendants.

The Americans with Disabilities Act "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services programs and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Bd. of Tr. of Univ. of Ala. v. Garrett, 531 U.S. 356, 372 (2001). It is evident from a reading of the complaint that the claims asserted under the ADA are based exclusively on Defendants' alleged failure to grant her a reasonable accommodation in relation to her housing unit. If Shuper is asserting her ADA claims under Title III, the ADA has language "that mirrors the FHA in all material respects," McCree v. Lexington Village Apartments, Civ. No. 08-14185, 2010 WL 931859, *6, 2010 U.S. Dist. Lexis 22873, *17 (E.D. Mich. Mar. 11, 2010), and asserting claims under both statutes would have little benefit, which is probably why the statutory exception exists for residential facilities. Plaintiff has not refuted the allegation that her ADA claim is brought exclusively pursuant to Title III or that she is claiming discrimination in public housing accommodations. Therefore, I conclude that to the extent the claims are brought pursuant to the ADA they should be dismissed because of the fact that Plaintiff has alleged and the defendants concede that the claims concern the management of facilities intended for residential use, which means that the claims do not concern "commercial facilities" under 42 U.S.C. § 12181(2). Thompson v. Sand Cliffs Owners Assoc., Inc., No. 3:96cv270/RV, 1998 WL 35177067, *3-4, 1998 U.S. Dist. Lexis 23632, *8-16 (N.D. Fla. Mar. 30, 1998) (holding at summary judgment stage that accessibility claims under Title III did not lie in relation to condominiums, notwithstanding occasional renting of

condominiums by some owners, because condominiums are not public accommodations due to the residential use exception); Phillips v. Perkiomen Crossing Homeowners Assoc., No. 95-CV-1535, 1995 WL 580076, *1-2, 1995 U.S. Dist. Lexis 14375, *3-4 (E.D. Penn. Oct. 2, 1995) (dismissing public accommodation claim for lack of subject matter jurisdiction because claims against homeowners association related to handicapped parking did not involve public accommodation as defendant association maintained a residential housing development).

*Time barred claims from 2007*

Claims under the Fair Housing Act must be commenced not later than two years after the occurrence. 42 U.S.C. § 3613(a)(1)(A). Claims under the Maine Human Rights Act must likewise be filed within two years of the alleged discriminatory act. 5 M.R.S. § 4613(2)(C). To the extent Shuper is seeking to raise independent legal claims based upon events occurring in 2007, those claims are time barred and must be dismissed.

*Private Right of Action Under HIPAA*

The law in the First Circuit is clear on this issue, the Health Insurance Portability and Accountability Act does not create a private cause of action.

> The district court properly dismissed plaintiffs' claims on this basis without additional discussion. Plaintiffs' argument that we should devise a new [HIPAA] cause of action to accommodate their claim must fail. See Alexander v. Sandoval, 532 U.S. 275, 287 (2001) ("Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.") (internal quotation marks and citation omitted).

Miller v. Nichols, 586 F.3d 53, 59-60 (1st Cir. 2009). Based upon the foregoing, the motion should be granted as to so much of the complaint as purports to arise under HIPAA.

**Conclusion**

For the reasons set forth above, I RECOMMEND the following: (1) all claims asserted under the ADA and HIPPA should be dismissed for lack of subject matter jurisdiction; (2) all

claims related to a failure to accommodate based upon events in 2007 and arising under the MHRA and the FHA should be dismissed as time barred; and (3) the remaining claims under the MHRA and the FHA will proceed on the standard track in accordance with the scheduling order this court will issue forthwith. Accordingly, I RECOMMEND the court GRANT both motions to dismiss (Doc. Nos. 10 & 14). Plaintiff's motion to amend is DENIED (Doc. No. 19).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 6, 2010

SHUPER v. FEDERAL MANAGEMENT COMPANY INC et al
Assigned to: JUDGE GEORGE Z. SINGAL
Referred to: MAGISTRATE JUDGE MARGARET J. KRAVCHUK
Case in other court: Cumberland County Superior Court, CV-10-00174
Cause: 28:1441 Petition for Removal- Breach of Contract

Date Filed: 05/28/2010
Jury Demand: None
Nature of Suit: 443 Civil Rights: Accomodations
Jurisdiction: Federal Question

**Plaintiff**

**ALLA I SHUPER**  represented by  **ALLA I SHUPER**
P.O. BOX 10343
PORTLAND, ME 04104
207-533-0758
PRO SE

V.

**Defendant**

**FEDERAL MANAGEMENT COMPANY INC**     represented by     **GEORGE P. KOSTAKOS**
LITTLER MENDELSON, P.C.
ONE INTERNATIONAL PLACE
SUITE 2700
BOSTON, MA 02110
(617) 378-6000
Email: gkostakos@littler.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERTA LIMONGI RUIZ**
LITTLER MENDELSON, P.C.
ONE INTERNATIONAL PLACE
SUITE 2700
BOSTON, MA 02110
617-378-6042
Email: rruiz@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CODMAN-PORTLAND ASSOCIATES**     represented by     **GEORGE P. KOSTAKOS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERTA LIMONGI RUIZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANFORTH HEIGHTS**     represented by     **GEORGE P. KOSTAKOS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ROBERTA LIMONGI RUIZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PETER LEWIS**     represented by     **GEORGE P. KOSTAKOS**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

|  |  |  |
|---|---|---|
|  |  | **ROBERTA LIMONGI RUIZ** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |
| **Defendant** <br> **JOHN DESJARDINS** | represented by | **GEORGE P. KOSTAKOS** <br> (See above for address) <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |
|  |  | **ROBERTA LIMONGI RUIZ** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |
| **Defendant** <br> **REBECCA CHANDLER** | represented by | **GEORGE P. KOSTAKOS** <br> (See above for address) <br> *PRO HAC VICE* <br> *ATTORNEY TO BE NOTICED* |
|  |  | **ROBERTA LIMONGI RUIZ** <br> (See above for address) <br> *ATTORNEY TO BE NOTICED* |